IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| JOSEPH J. FALCETTA, JR., #06247-078 | § | |
| VS. | § | CIVIL ACTION NO. 6:20cv350 |
| | | CRIM NO. 6:96cr00059(1) |
| UNITED STATES OF AMERICA | § | |

REPORT AND RECOMMENDATION OF
THE UNITED STATES MAGISTRATE JUDGE

Movant Joseph James Falcetta, Jr., a federal prisoner confined at Federal Correctional Institution Bastrop, brings this motion to vacate, set aside, or correct his federal sentence pursuant to 28 U.S.C. § 2255. The motion was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for disposition of the case.

For reasons explained below, the Court recommends that Movant's section 2255 motion be denied, the case be dismissed, without prejudice, for lack of jurisdiction. Movant Falcetta should further be denied a certificate of appealability *sua sponte*.

**I. Procedural History**

Falcetta is in federal custody for his participation in robbing a commercial bus transporting approximately sixty passengers from the Dallas/Fort Worth area to Bossier City, Louisiana. On March 3, 1997, Falcetta pleaded guilty to Armed Robbery of a Motor Vehicle in violation of 18 U.S.C. § 2119, Aiding and Abetting in violation of 18 U.S.C. § 2, and Possession of a Short-Barreled Shotgun during a Crime of Violence in violation of 18 U.S.C. § 924(c)(1). This Court sentenced Falcetta to a term of 191 months' imprisonment—followed by a five-term of supervised release. Falcetta filed a direct appeal, and the United States Court of Appeals for the Fifth Circuit dismissed the appeal as frivolous, (Dkt. #198).

Falcetta filed his first section 2255 proceeding in December 1999, case number 6:99cv705, which was denied. The Fifth Circuit denied his motion for a certificate of appealability in case number 01-40531. He filed his second 2255 proceeding in November 2006 in case number 6:05cv455. On January 25, 2006, this Court dismissed the second 2255 proceeding for lack of jurisdiction—transferring the motion to the Fifth Circuit because it was successive. The Fifth Circuit subsequently denied Falcetta's motion to file a successive petition on April 4, 2006. *See* case no. 06-40179. Falcetta filed two additional section 2255 proceedings in 2009 and 2013 in this Court, respectively, and both were dismissed as successive. *See* case nos. 6:09cv176, 6:13cv289. Falcetta filed this instant section 2255 proceeding on June 17, 2020, (Dkt. #1).

## II. Discussion and Analysis

Falcetta's motion—his fifth section 2255 motion challenging these convictions—is successive.  He raises substantive claims. Under the Antiterrorism and Effective Death Penalty Act (AEDPA) of 1996, which imposed a number of habeas corpus reforms, an inmate must file a section 2255 motion within one year of the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).  Section 2255 imposes a general one-year statute of limitations.

Moreover, the AEDPA imposes certain restrictions on the filing of second or successive section 2255 motions:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
>
> > (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> >
> > (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

*See* 28 U.S.C. § 2255(h). The district court lacks subject matter jurisdiction to consider a second or successive petition unless the appellate court—which, here, is the Fifth Circuit—has granted the movant permission to file the successive petition. *See Crone v. Cockrell*, 324 F.3d 833, 836-37 (5th Cir. 2003) ("For the reasons outlined above, we find that the district court did not have subject matter jurisdiction to consider Crone's application because Crone did not obtain an order from this Court authorizing the district court to consider the successive application."); *U.S. v. Sorrell*, 354 F. App'x 44 (5th Cir. 2009) (same).

Here, this Court lacks subject matter jurisdiction to consider Falcetta's fifth motion to motion to vacate, set aside, or correct his federal sentence. There is no indication that the Fifth Circuit granted him permission to file a successive section 2255 proceeding. In fact, court records show that the Fifth Circuit recently—on July 6, 2020—denied Falcetta's motion to file a successive 2255 petition in case number 20-40422.

Accordingly, Falcetta must first obtain permission from the Fifth Circuit to file a successive section 255 motion. 28 U.S.C. § 2244. The present motion should be dismissed for lack of jurisdiction because Falcetta does not have permission to file it. *See United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000); *see also United States v. Hernandes*, 708 F.3d 680, 681 (5th Cir. 2013).

**III. Certificate of Appealability**

An appeal may not be taken to the court of appeals from a final order in a § 2255 proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Falcetta has not yet filed a notice of appeal, the court may address whether he would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (explaining that a district court may *sua sponte* rule on a certificate of appealability because "the district court that denies a [movant] relief is in the best position to determine whether the [movant] has made a substantial showing of a denial of a constitutional right on the issues before the court.").

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, the petitioner need only show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). The Supreme Court recently emphasized that the COA inquiry "is not coextensive with merits analysis" and "should be decided without 'full consideration of the factual or legal bases adduced in support of the claims.'" *Buck*, 137 S. Ct. 773 (quoting *Miller-El*, 537 U.S. at 336). Moreover, "[w]hen the district court denied relief on procedural grounds, the petitioner seeking a COA must further show that 'jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rhoades v. Davis*, 852 F.3d 422, 427 (5th Cir. 2017) (quoting *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012)).

Here, Falcetta failed to present a substantial showing of a denial of a constitutional right or that the issues he has presented are debatable among jurists of reason. He also failed to

demonstrate that a court could resolve the issues in a different manner or that questions exist warranting further proceedings. Accordingly, Falcetta is not entitled to a certificate of appealability.

## RECOMMENDATION

For the foregoing reasons, it is recommended that the above-styled section 2255 motion be dismissed, without prejudice, for lack of jurisdiction. It is further recommended that Movant Falcetta be denied a certificate of appeal *sua sponte*.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto Ass'n.*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

So ORDERED and SIGNED this 6th day of December, 2022.

_K. Nicole Mitchell_
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE